IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAYMOND ALLEN REDWINE,

    Petitioner,                              No. 2:12-cv-0910 AC P

    vs.

R. GROUNDS,                                 <u>ORDER</u>

    Respondent.

_____/

Petitioner, a state prisoner proceeding pro se, has filed a petition pursuant to 28 U.S.C. § 2254. The parties have consented to the jurisdiction of the magistrate judge. ECF Nos. 10, 14. On April 29, 2008, petitioner pled no contest to two counts of second degrees burglary, one count of attempted second degree burglary and one count of possession of a controlled substance in Butte County Superior Court. He was sentenced to a nineteen year term of imprisonment. Petitioner seeks relief from his conviction on grounds that his lawyer provided ineffective assistance in the plea bargaining process. He alleges that he rejected a favorable plea offer because he was misadvised by counsel regarding speedy trial issues.

Pending before the court is respondent's motion to dismiss the petition as untimely. ECF No. 15. The motion has been fully briefed. <u>See</u> Opposition at ECF No. 20;

Reply at ECF No. 21.  After careful consideration, the court concludes that respondent's motion must be granted and the petition dismissed.

Statute of Limitations

"The proper filing date for a federal habeas petition under the AEDPA is a matter of grave importance to affected prisoners because after that date their ability to challenge the lawfulness of their incarceration is permanently foreclosed." Lott v. Mueller, 304 F.3d 918, 922 (9th Cir. 2002).  A one-year statute of limitations applies.  28 U.S.C. § 2244(d).  Absent circumstances not present here, the limitations period runs from the date that the state court judgment becomes final by the conclusion of direct review or the expiration of time to seek direct review.  § 2244(d)(1)(A); Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010).  The time during which a "properly filed" application for state post-conviction relief is pending does not count toward this one-year period.  § 2244(d)(2); Porter, 620 F.3d at 958.  However, a petition filed after the expiration of the statute of limitations has no effect on the timeliness analysis. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.), cert. denied, 540 U.S. 924 (2003) (state petition filed after expiration of § 2244 period cannot resuscitate expired period).

Petitioner, as noted, entered a no-contest plea and was sentenced in Butte County Superior Court on April 29, 2008.  As no appeal was taken in his case, petitioner's conviction became final on June 28, 2008, sixty days later.  Cal. Rules of Court, rule 8.308; Mendoza v. Carey, 449 F.3d 1065, 1067 (9th Cir. 2006).  The one-year statutory period began running the next day, Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001), and expired on June 28, 2009.  As that day was a Sunday, the deadline was June 29, 2009.

Petitioner's first state court application for writ of habeas corpus was filed on October 6, 2010.  Lodged Doc. 2.[1]  Because petitioner filed no applications for state habeas relief

---

[1] The Butte County Superior Court petition was denied on October 15, 2010.  Lodged Doc. 3.  Petitioner's second state habeas petition was filed in the Third District Court of Appeal (continued...)

during the year following finality, the limitations period elapsed without any tolling on July 28, 2009.  The instant federal petition was filed on August 22, 2011, more than two years beyond the statutory deadline and is therefore time-barred absent equitable tolling.  Petitioner concedes the instant petition's facial untimeliness but argues vehemently that he is entitled to equitable tolling.  ECF No. 20.

Equitable Tolling

A habeas petitioner is entitled to equitable tolling of AEDPA's[2] one-year statute of limitations only if the petitioner shows: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstances stood in his way and prevented timely filing.  See Holland v. Florida, 130 S. Ct. 2549, 2562 (2010); Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009).  The diligence required is "reasonable diligence," not "maximum feasible diligence."  See Holland, 130 S. Ct. at 2565; see also Bills v. Clark, 628 F.3d 1092, 1096 (9th Cir. 2010).

In order to constitute "extraordinary circumstances," the circumstances alleged in support of tolling must make it impossible to file a petition on time, and must be the cause of the petitioner's untimeliness.  Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003).  This is a very high threshold, "lest the exceptions swallow the rule."  See Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir.), cert. denied, 537 U.S. 1003 (2002).   "[W]hether a prisoner is entitled to equitable tolling under AEDPA will depend on a fact-specific inquiry by the habeas court which may be guided by 'decisions made in other similar cases.'"  Doe v. Busby, 661 F.3d 1001, 1011 (9th Cir. 2011) (quoting Holland, 130 S. Ct. at 2563).

Petitioner contends that several circumstances, individually and in combination,

---

[1](...continued)
on January 4, 2011 and denied on January 13, 2011. Petition at 21; Lodged Docs. 4 & 5. Petitioner filed his final state habeas petition in the California Supreme Court on January 19, 2011. Lodged Doc. 6. The petition in the state Supreme Court was denied on July 13, 2011. Petition at 25; Lodged Doc. 7.

[2]    Anti-Terrorism and Effective Death Penalty Act of 1996.

1  support equitable tolling.  Specifically:

2  • he made exhaustive efforts from an early point and over a long period to obtain his case records, which he did not ultimately receive in full until on or around August 25, 2011;

4  • although no appeal was actually taken in his case, he was misled by a judge in Butte County Superior Court into believing an appeal in his case was pending;

6  • he was unable to gain adequate access to a law library until he was transferred from High Desert State Prison to the Correctional Training Facility in Soledad on June 25, 2010; it took at least another two months for petitioner even to discover the existence of the habeas remedy.

8  ECF No. 20 at 9-28.

9  As explained more fully below, petitioner has not demonstrated that the asserted extraordinary circumstances were the cause of his untimeliness.

11  Lack of Access to Records

12  Denial of a petitioner's access to his or her legal files may warrant equitable tolling where the files are necessary to preparation of the petition. Chaffer v. Prosper, 592 F.3d 1046, 1049 (9th Cir. 2010); Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1013 (9th Cir. 2009) ("[d]eprivation of legal materials is the type of external impediment for which we have granted equitable tolling"); Lott v. Mueller, 304 F.3d 918, 924-25 (9th Cir.2002) (a deprivation of access to legal files for eighty-two days due to two temporary transfers would "satisfy the impossibility requirement" if shown on remand after "complete development of the record."). The Ninth Circuit has "held that a complete lack of access to a legal file may constitute an extraordinary circumstance, and that it is 'unrealistic to expect a habeas petitioner to prepare and file a meaningful petition on his own within the limitations period without access to his legal file.'" Ramirez, 571 F.3d at 998 (quoting Espinoza-Matthews v. California, 432 F.3d 1021, 1027-28 (9th Cir. 2005)). Where petitioner already knows the facts that would support his claims, however, or where counsel's files are not necessary to the timely filing of a petition, equitable tolling is not appropriate. Ford v. Pliler, 590 F.3d 782, 789-90 (9th Cir. 2009); see also United States v. Battles, 362 F.2d 1195, 1197-98 (9th Cir. 2004). The dispositive question is whether

4

the denial of access to the files was the cause of the delay. <u>Battles</u>, 362 F.3d at 1197-98.

Petitioner contends that he was diligent in his pursuit his records but that his repeated requests to trial counsel were ignored. He states that he was only provided a portion of his file in the form of "a few police and supplemental reports" early on. After sentencing petitioner was sent to High Desert State Prison ("HDSP") and erroneously placed in administrative segregation ("ad seg") on May 15, 2008. After a month in ad seg he remained in the reception center until March 17, 2009. During that time petitioner sent letter after letter to Attorney Eric Ortner in a vain attempt to obtain all of his case materials. ECF No. 20 at 9-10, 16-17 & Ex. A. Petitioner asserts that Ortner never responded to any of his letters, and the "minimal" part of the file he did receive came from an assistant who failed to provide the entire file. ECF No. 20 at 18.[3]

In December of 2009 petitioner initiated a series of complaints to the California State Bar regarding his first attorney, William Short, as well as Ortner. Petitioner recites the history of his three-year correspondence with the state bar from December 2009 through December 14, 2011. He sought the Bar's assistance in obtaining his case file including hearing transcripts, all police and supplemental reports, victim/witness statements and all forensic/DNA evidence from his case. ECF No. 20 at 20 - 23 & Ex. B at 64 - 84. Petitioner also documents his history of correspondence with the Butte County Superior Court, beginning in January of 2011 through May of 2011, in his efforts to obtain transcripts of his court hearings. ECF No. 20 at 29 & Ex. D at 98 - 118.[4] From August of 2009 through July of 2011 petitioner sought assistance from the Legal Aid Society, U.S. Department of Justice, the Prison Law Office, the National

---

[3] Petitioner fails to specify which documents were provided and what was withheld. Petitioner plainly was provided with copies of post-conviction attorney-client correspondence, as the letters to counsel that are produced in Exhibit A are stamped "received" by Mr. Ortner's office.

[4] The letter directed to Butte County Superior Court in May of 2009 is addressed <u>infra</u>. ECF No. 20 at 28 & Ex. C at 96.

5

1 Prison Project and the Southern Poverty Law Center, among other organizations. ECF No. 20 at 2 33-35 & Ex. E at 120 - 124.  Plaintiff also includes a log of his abundant correspondence while 3 at Soledad from June 29, 2010 to July 13, 2012.  ECF No. 20 at 36 & Ex. F at 126 - 135.

4 Petitioner "bears the burden of showing his own diligence *and* that the hardship 5 caused by lack of access to his materials was an extraordinary circumstance that caused him to 6 file his petition . . . late." Waldron-Ramsey, 556 F.3d at 1013 (emphasis added).  While there 7 can be no question that petitioner was dogged in his pursuit of the records he believed he needed, 8 there is no evidence that his lack of access made timely filing impossible.  Petitioner filed his 9 state court habeas petitions in 2010 and 2011, and his federal habeas petition on August 22, 10 2011, all *before* he obtained the long-sought case-related material which he received on or about 11 August 25, 2011.  Respondent points out, accurately, that petitioner has not relied on or attached 12 any transcripts or other court documents from his case file to his federal habeas petition, or for 13 that matter to any of his state court habeas petitions.  Nor has he identified any materials 14 contained in the late-discovered file that are relevant to the single claim for relief that is 15 presented.

16 It is plain from the face of the petition that petitioner has long been aware of the 17 factual predicate of his claim, which does not turn on anything contained in trial counsel's file. 18 Petitioner alleges that he fired his first attorney (William Short) for having failed to caution him 19 about the perils of invoking his right to a speedy trial.  Petitioner alleges that he would have 20 accepted the initial plea offer had he known that refusing to waive time would result in charges 21 being dismissed, enhanced and re-filed against him, giving the prosecution more time to discover 22 the DNA evidence he had sought to evade.  Petition at 5-7, 13.  These events occurred prior to 23 petitioner's no-contest plea pursuant to a less favorable plea agreement, which petitioner seeks to 24 have set aside on the basis of Short's allegedly ineffective assistance.  Petitioner "fired" Short 25 because of the speedy trial issue and was thereafter represented in the trial court by Mr. Ortner. 26 Because petitioner was aware of the factual basis of his claim before his conviction became final,

6

1 his lack of access to counsel's files cannot have caused the untimeliness of his petition. For that
2 reason, the lack of the files does not support equitable tolling. See Ford, 590 F.3d at 789-90 (no
3 tolling for lack of case files where petitioner knew factual predicate of claim); Randle v.
4 Crawford, 604 F.3d 1047, 1057-58 (9th Cir. 2009) (no tolling because counsels' retention of file
5 did not cause petitioner's untimeliness).

6 <u>Misinformation from Superior Court Judge</u>

7 On April 28, 2009, petitioner wrote to a Butte County Superior Court judge after
8 having begged for his case paperwork fruitlessly for a year. Opp. (ECF No. 20) at 11. The
9 handwritten note included on a form response, dated May 4, 2009, signed by Judge Sandra L.
10 McLean stated:

11 > The file is copied & provided to appellate counsel. Defendant can obtain from that attorney any further information. No other relief can be
12 > provided by the court on the issues raised in this letter.

13 Petition at 18; see also, Lodged Doc. 2 (including note with habeas petition to Butte County
14 Superior Court). In his October 6, 2010 state court habeas petition, petitioner stated he had "just
15 learned of this petition today. After waiting for an appeal that isn't going to come, I felt I should
16 seek help myself." Lodged Doc. 2 at 6. Petitioner argues that the judge's response to his inquiry
17 led him to believe that an appeal was proceeding, causing him to focus on state bar complaints
18 against attorney Short rather than the direct pursuit of a challenge to his conviction.

19 Equitable tolling may be available where a petitioner has been affirmatively
20 misled by the court. Harris v. Carter, 515 F.3d 1051, 1056 (9th Cir.) (citing Pliler v. Ford, 542
21 U.S. 225, 235 (2004) (O'Connor, J., concurring)), cert denied, 555 U.S. 967 (2008); see also,
22 Brambles v. Duncan, 412 F.3d 1066, 1070 (9th Cir.2005) ("[c]onsistent with the Court's
23 decision in Pliler, the sole issue before us is whether [petitioner] was affirmatively misled by the
24 district court's instructions."); United States v. Buckles, 647 F.3d 883, 891 (9th Cir. 2011) cert.
25 denied, 132 S. Ct. 436 (2011). The facts here fall well outside the scope of these authorities.
26

7

1     The superior court's correspondence does not constitute an affirmative
2 misrepresentation about the finality of petitioner's conviction.  Petitioner had expressly waived
3 appeal as part of his plea agreement.  Accordingly, he could not reasonably have interpreted the
4 superior court's note as meaning that he had a pending appeal, rather than as a general statement
5 regarding the post-conviction handling of files.  Petitioner does not indicate that he made any
6 attempts to ascertain whether a case was pending in the Court of Appeal on his behalf.

7     "[A] prisoner's lack of knowledge that the state courts have reached a final
8 resolution of his case can provide grounds for equitable tolling *if the prisoner has acted*
9 *diligently in the matter.*"  Ramirez v. Yates, 571 F.3d at 997-98 (emphasis added).  Even if
10 Ramirez could be stretched to fit circumstances such as those presented here, petitioner would
11 have to show that he had acted diligently in attempting to determine whether he had a pending
12 appeal and in ascertaining its final resolution.  There has been no such showing.  Indeed,
13 petitioner candidly states that he "waited for over a year for word from this mystery-attorney
14 only to have to accept that here too I had been led astray."  ECF No. 20 at 12.  Petitioner's
15 confusion regarding the existence and status of an appeal, or the finality of his conviction, is
16 insufficient without more to support equitable tolling.  See Waldron-Ramsey, 556 F.3d at 1013
17 (petitioner's confusion regarding bases of state court rulings and operation of statute of
18 limitations does not support tolling).

19     Limited Law Library Access

20     Petitioner contends that he was given a high-security level classification on HDSP
21 B-yard, subject to program cancellations and modifications, lockdowns arising from frequent
22 incidents of violence, and many staff training days –  all of which impeded petitioner's law
23 library access.  Furthermore, not having verified court deadlines, petitioner could not benefit
24 from Priority Legal User (PLU) status and his requests for access were ignored.  ECF No. 20 at
25 10-11.  Petitioner does not specify the dates and times of his exclusion from the law library, but
26 makes blanket assertions about his general lack of access during incarceration at HDSP.

Under some circumstances, the denial of access to legal reference materials can support equitable tolling. See Whalem-Hunt v. Early, 233 F.3d 1146 (9th Cir. 2002); Mendoza v. Carey, 449 F.3d 1065, 1070-71 (9th Cir. 2006). However, the limitations imposed by lockdowns and temporary detention in administrative segregation do not warrant equitable tolling because such limitations are "ordinary prison limitations." Ramirez, 571 F.3d at 998 (no equitable tolling for period prisoner was in ad seg without access to the law library and copy machine). Denial of access to prison legal resources, like denial of access to a prisoner's own legal papers, must be total and must cause the untimeliness in order to support tolling. See id.

It was plainly not petitioner's limited law library access that made filing a timely federal petition impossible, but rather petitioner's ignorance of the applicable law. Petitioner freely acknowledges that he was wholly unaware of any AEDPA deadline during the limitations period. He explains that he became aware of the existence of habeas corpus some time around August or September of 2010, which was more than a year after the his time to file had expired. Petitioner asserts that he "stumble[d] upon" the existence of the habeas remedy "a couple of months" after attaining more liberal access to the law library upon his transfer to Soledad in June of 2010. ECF No. 20 at 11, 13. This concession means that the lack of library access at HDSP did not prevent him from preparing and filing a petition, and that he was not attempting to do so prior to August or September of 2010. Accordingly, both diligence and causation are absent.

Like illiteracy, ignorance of the law does not constitute an extraordinary circumstance that can support equitable tolling. See Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("a lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling"); see also Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir. 1986)) (pro se prisoner's illiteracy and lack of knowledge of the law unfortunate but insufficient to establish cause); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) (ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse timely filing). This is a harsh rule, but it is not a rule that the undersigned can ignore out of

sympathy.

Finally, even if petitioner could establish a complete denial of law library access for the entire time that he was at HDSP, and even if he had been diligently attempting to prepare a petition while at HDSP, equitable tolling on this basis would not render the petition timely. Petitioner was transferred to Soledad on June 25, 2010. His federal petition was filed on August 22, 2011, more than a year later. Accordingly, the petition would be untimely even if equitable tolling were applied to petitioner's entire period of incarceration at HDSP.

Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he district court must issue or a deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, 28 U.S.C. foll. § 2254. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue. Fed. R. App. P. 22(b). For the reasons set forth herein, petitioner has not made a substantial showing of the denial of a constitutional right. Therefore, no certificate of appealability should issue.

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's July 17, 2013 motion to dismiss the petition as barred by the AEDPA statute of limitations (ECF No. 15) is granted and this case is dismissed; and

2. This court declines to issue a certificate of appealability.

DATED: August 20, 2013

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC:009
redw0910.mtd